# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVE R. PRICE,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0313** (BOR Appeal No. 2048891)
(Claim No. 2013012099)

**KANAWHA VALLEY REGIONAL TRANSPORTATION AUTHORITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steve R. Price, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha Valley Regional Transportation Authority, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 26, 2014, in which the Board affirmed an October 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 19, 2012, decision which denied Mr. Price's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Price, a bus driver, alleges that he was injured in the course of his employment on November 3, 2012, when he bent over to zip a pouch. The employee's and physician's report of injury lists the diagnoses as lumbar strain, thoracic strain, and sciatica. Mr. Price was treated that day at Charleston Area Medical Center and was diagnosed with acute, unprovoked back pain with radiculopathy. He stated that when he bent over he felt as if his pelvis dropped, he had severe pain in his back, and his legs felt like they were going to give out. A lumbar MRI showed mild spinal stenosis at L3-4 and L4-5 and hypertrophy of the facet joints. There was also mild

1

spinal stenosis. X-rays revealed early degenerative changes. He was treated with conservative therapy and discharged with continued outpatient physical therapy. Lana Christiano, M.D., performed a neurological consultation. She noted that Mr. Price's weight contributed to his back pain. She diagnosed back pain and lower extremity weakness and recommended he be admitted for pain control. No surgical intervention was recommended.

Mr. Price has a history of lower back pain, injuries, and degenerative conditions. Lumbar x-rays taken on January 16, 2009, revealed very early osteophyte lipping at L3-4 compatible with early degenerative changes. The x-rays were taken for an injury incurred after bending. An August 7, 2012, treatment note from Charleston Area Medical Center indicates Mr. Price bent over to tie his shoes and experienced severe pain in his lumbar spine. He stated that he felt like his pelvis was dropping, and he had severe pain in his back with numbness and weakness in his legs. He reported a previous episode four years prior which resolved with conservative therapy. The diagnosis was mechanical back pain. An MRI was performed on August 17, 2012, for low back pain radiating into the lower extremity. It revealed a disc bulge at L4-5 with degenerative hypertrophy of the left facet joint and degenerative hypertrophic changes of the ligamentum flavum bilaterally resulting in moderate degrees of central canal and left-sided foraminal stenosis.

Mr. Price testified in a deposition on March 14, 2013. He stated that he bent over to zip a pouch, and felt a pop in his back when he straightened up. He left work as soon as a replacement driver was located and sought medical treatment. When he arrived at Charleston Area Medical Center, he had to be taken from the parking lot to the emergency room by wheelchair. He stated that he remained in the hospital for three days and was off of work for approximately twenty-six days. He admitted that he had prior back problems. He testified that he suffered a different lower back injury three months prior to the allegedly work-related injury. He stated that the symptoms were different. He elaborated that his previous lower back injury was a slippage but the November 3, 2012, injury was a popping sensation. There were no witnesses to his alleged injury, and the bus video camera was not recording.

The claims administrator rejected the claim on December 19, 2012. The Office of Judges affirmed the decision in its October 8, 2013, Order. It found that Mr. Price failed to establish that he sustained an injury in the course of and resulting from his employment on November 3, 2012. Per an x-ray performed on January 16, 2009, Mr. Price had osteophytes developing at L3-4 compatible with early degenerative changes. An MRI taken on August 17, 2012, showed an L4-5 disc bulge associated with degenerative hypertrophy and degenerative hypertrophic changes. Further, Charleston Area Medical Center noted on November 3, 2012, that Mr. Price had chronic back pain. The Office of Judges therefore concluded that the medical and diagnostic evidence of record shows that Mr. Price suffered from pre-existing degenerative disc disease, osteophytes at L3-4, and a bulging disc at L4-5. The Office of Judges noted that an MRI taken on November 3, 2012, showed L1-2 and L3-4 disc bulges. It stated that though the MRI indicates different diagnoses before and after the allegedly work-related injury, it does not establish that an injury occurred in the course of Mr. Price's employment. There is no medical expert of record that opined that the disc bulges resulted from his employment.

The Office of Judges found that the reported mechanism of injury called the injury into question as well. Mr. Price reported to Charleston Area Medical Center on November 3, 2012, that he injured his back while bending down. He stated that he felt as if his pelvis dropped, he had pain in his back, and he had numbness and weakness in his legs. Records prior to the allegedly work-related injury indicate that Mr. Price had the same mechanism of injury on August 7, 2012. At that time, he reported to Charleston Area Medical Center that he injured his back bending over to tie his shoes. He stated that he felt like his pelvis dropped, he felt pain in his lower back, and his legs felt as if they were going to give out. It was also noted at that time that Mr. Price had a similar incident four years prior. Though he testified in his deposition that the pain he experienced following the alleged November 3, 2012, injury was different than in prior incidents, the Office of Judges determined that the medical evidence showed otherwise. The Office of Judges ultimately held that Mr. Price failed to establish by a preponderance of the evidence that he was injured in the course of and resulting from his employment. It stated that its decision was supported by treatment notes from Charleston Area Medical Center on the date of the alleged injury. The notes stated that Mr. Price had severe, unprovoked back pain. He was not lifting anything heavy or doing any strenuous activity when the pain presented. It also noted that he had a similar episode in the past and was due for a referral and consultation in the upcoming week. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 26, 2014.

On appeal, Mr. Price argues that his prior back problems do not prevent him from sustaining a work-related injury, and he experienced symptoms immediately after he bent over in the course of his employment. Kanawha Valley Regional Transportation Authority asserts that Mr. Price has had significant back problems since the 1980s. It further states that he reported a similar back injury a few weeks before the allegedly work-related injury. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record shows that Mr. Price had pre-existing degenerative changes that cause him chronic back pain. He had similar episodes of low back pain in the past, including an incident three months prior to the allegedly work-related injury in which he reported a nearly identical mechanism of injury and symptoms. There are no medical opinions of record causally connecting his lower back condition to his employment. The condition was likely the result of his pre-existing degenerative lower back problems and not a work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II